Affirmed and Majority and Concurring Opinions filed November 25, 2008








Affirmed
and Majority and Concurring Opinions filed November 25, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00474-CR

____________

 

CUONG QUOC LY, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 240th
District Court

Fort Bend County, Texas

Trial Court Cause No. 44,907

 



 

   M A J O R I T Y   O P I N I O N








Appellant, Cuong Ly, was charged by indictment with
possession of cocaine  weighing more than four grams and less than 200 grams
with intent to deliver.[1] 
After considering the evidence, the jury found appellant guilty as charged in
the indictment.  The jury assessed appellant=s punishment at
confinement in the state penitentiary for a term of 42 years.  Appellant
presents three issues on appeal:  (1) the evidence is legally insufficient to
prove he possessed the cocaine; (2) the evidence is factually insufficient to
prove he possessed the cocaine; and (3) the evidence is factually insufficient
to prove he possessed the cocaine with an intent to deliver.  We affirm.

BACKGROUND

On July 4, 2006, Trooper Chacon of the Texas Department of
Public Safety (ADPS@) highway patrol
stopped a white Chevrolet pickup for traveling at an excessive rate of speed
and following another vehicle too closely as it exited the Westpark Tollway. 
It was raining and the roads were wet.  After Chacon turned on his lights
signaling the driver of the vehicle to stop, the vehicle moved into the right
lane, but it continued a short distance before stopping.  Chacon identified
appellant as the driver and sole occupant of the vehicle.  Chacon asked
appellant to exit the vehicle.  Trooper Chacon did not detect an odor
indicating alcohol or narcotics, but he did notice appellant=s eyes were red
and glassy, and he was very nervous.  These traits led Chacon to believe
appellant was under the influence of alcohol or drugs.  When questioned about
the presence of any alcohol, drugs, or weapons in the vehicle, appellant
denied the presence of those items.  Upon visual inspection of the passenger
compartment, Chacon discovered a half-full bottle of vodka in the center
console cup holder.  Using field sobriety tests, Chacon determined appellant
was not under the influence of alcohol.  Chacon planned to issue appellant a
citation for the open container until Deputy Trevino of the Fort Bend County
Sheriff=s Department and
Trooper Glen Welters with the DPS highway patrol arrived.  At that time, the
officers searched appellant=s person and the vehicle. 

The officers began by searching appellant=s person.  An
empty clear plastic sandwich bag was found in the front pocket of  appellant=s pants. 
Appellant explained that he had the bag in his pocket because he had eaten a sandwich
earlier that day.  The bag did not appear to contain any crumbs or other
evidence that it had held a sandwich.  Chacon testified at the trial that such
bags are sometimes used to carry narcotics.








As Chacon searched the vehicle, appellant told Trevino
there was a gun in the vehicle.  Chacon located a loaded gun between the driver=s seat and the
center console.  After finding the gun, Chacon again asked about the presence
of any weapons or narcotics in the vehicle.  Appellant stated that no such
items were contained in the vehicle.  While searching under the cup holders in
the center console, the officers discovered a bag that appeared to contain
cocaine and an item wrapped in a paper towel that appeared to be crack
cocaine.  The two items were sent to the DPS narcotics lab where they were
identified as approximately 17.44 grams of cocaine.  Lieutenant Rodney
Glendening of the Fort Bend County Narcotics Task Force testified as an expert
that the amount of cocaine found in the vehicle indicated it was for delivery
rather than personal use.

LEGAL SUFFICIENCY

In appellant=s first issue, he
contends the evidence is legally insufficient to support the conviction because
the evidence presented at trial failed to show he knowingly possessed the
cocaine.  Appellant=s wife testified at trial that she
believed the cocaine may have belonged to a known drug user employed by
appellant who often drove the pickup.  Thus, appellant contends his Amere presence@ in the vehicle is
insufficient to sustain a conviction for possession and the evidence adduced at
trial is legally insufficient to support the jury=s finding.

A. 
Standard of Review








In assessing the legal sufficiency of the evidence, we
consider all of the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Threadgill v. State,
146 S.W.3d 654, 663 (Tex. Crim. App. 2004) (citing Jackson v. Virginia,
443 U.S. 307, 319 (1979)). AThe Jackson standard of review
gives full play to the jury=s responsibility fairly to resolve
conflicts in the evidence, to weigh the evidence, and to draw reasonable
inferences from the evidence.@  Id.  (quoting Garcia v. State,
57 S.W.3d 436, 441 (Tex. Crim. App. 2001) (internal quotation marks omitted)). 
The jury is the exclusive judge of the credibility of witnesses and of the
weight to be given testimony, and it is also the exclusive province of the jury
to reconcile conflicts in the evidence.  Wesbrook v. State, 29 S.W.3d
103, 111 (Tex. Crim. App. 2000).  When faced with conflicting evidence, we
presume that the trier of fact resolved conflicts in favor of the prevailing
party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). 
Therefore, if any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt, we must affirm.   McDuff v.
State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

B. 
Possession of a Controlled Substance

To establish unlawful possession of a controlled substance, the State must prove:
(1) appellant exercised control, management, or care over the substance; and
(2) appellant knew the substance possessed was contraband.  Evans v. State,
202 S.W.3d 158, 161 (Tex. Crim. App. 2006).  Whether the evidence is direct or
circumstantial, it must establish that appellant's connection with the
contraband was more than fortuitous.  Id.  The Aaffirmative links@ rule protects an
innocent bystander from conviction merely because of his fortuitous proximity
to someone else=s drugs.  Id. at 161B62.  When the
accused is not in exclusive possession of the place where
contraband is found, the State must show additional affirmative links between
the accused and the contraband.  Olivarez v. State, 171 S.W.3d 283, 291
(Tex. App.CHouston [14th Dist.] 2005, no pet.).  In deciding
whether the evidence is sufficient to link the accused to the contraband, the
trier of fact is the exclusive judge of the credibility of the witnesses and
the weight to be given to their testimony.  Poindexter v. State, 153
S.W.3d 402, 406 (Tex. Crim. App. 2005).  

The following list of relevant factors may affirmatively
link an accused to contraband:








(1) the defendant=s presence when a
search is conducted; (2) whether the contraband was in plain view; (3) the
defendant=s proximity to and the accessibility of the narcotic;
(4) whether the defendant was under the influence of narcotics when arrested;
(5) whether the defendant possessed other contraband or narcotics when
arrested; (6) whether the defendant made incriminating statements when
arrested; (7) whether the defendant attempted to flee; (8) whether the
defendant made furtive gestures; (9) whether there was an odor of contraband;
(10) whether other contraband or drug paraphernalia were present; (11) whether
the defendant owned or had the right to possess the place where the drugs were
found; (12) whether the place where the drugs were found was enclosed; (13)
whether the defendant was found with a large amount of cash; and (14) whether
the conduct of the defendant indicated a consciousness of guilt.

Olivarez
v. State, 171 S.W.3d 283, 291 (Tex. App.CHouston [14th
Dist.] 2005, no pet.) (citing Washington v. State, 902 S.W.2d 649, 652
(Tex. App.CHouston [14th Dist.] 1995, pet. ref'd); Chavez v.
State, 769 S.W.2d 284, 288B89 (Tex. App.CHouston [1st
Dist.] 1989, pet. ref'd)). We focus not on the number of linking factors
present but, rather, the Alogical force@ they create to
prove the crime was committed. Gilbert v. State, 874 S.W.2d 290, 298
(Tex. App.CHouston [1st Dist.] 1994, pet. ref'd) (citing Whitworth
v. State, 808 S.W.2d 566, 569 (Tex. App.CAustin 1991, pet.
ref'd)).

C. 
Application to Facts

Here, appellant was in possession and control of the pickup
truck, and the sole occupant of the vehicle when he was stopped by police. 
Appellant also produced proof of insurance for the vehicle.  Further, appellant=s wife testified
at trial that she and her husband owned the pickup truck and used it for
business purposes.  Therefore, appellant was affirmatively linked to the
vehicle despite the fact that other individuals may have had the right to use
the vehicle. 








In addition to appellant=s control over the
vehicle, there are several other factors that affirmatively link appellant to
the cocaine found therein, including: (1) appellant=s presence when
the vehicle was searched; (2) the cocaine was accessible to appellant because
it was located in the center console next to the driver=s seat; (3)  the
officers on the scene testified that appellant appeared to be under the
influence of narcotics; (4) appellant had a clear plastic bag in his front
pocket, which the officers recognized as an item often used to carry narcotics;
(5) appellant took longer than expected to stop his vehicle after Officer Chacon
initiated the traffic stop; (6) the center console where the drugs were found
was an enclosed space; and (7) appellant=s conduct,
including Avery nervous@ behavior and
lying about the presence of a gun and alcohol in the vehicle, demonstrated a
consciousness of guilt.  See Olivarez, 171 S.W.3d at 291B92. 

We hold a reasonable jury could conclude from the evidence
presented here that appellant knowingly exercised possession and control over
the cocaine.  Accordingly, the evidence is legally sufficient to support the
verdict.  We overrule appellant=s first issue.  

FACTUAL SUFFICIENCY

A.
Standard of Review

Appellant also argues that the evidence is factually
insufficient to prove he (1) possessed the cocaine and (2) possessed it with
the intent to deliver.  We disagree.  

In conducting a factual sufficiency review, we view the evidence in a neutral light
and will set aside the verdict only if the verdict is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.  Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  A clearly wrong and
unjust verdict occurs where the finding is Amanifestly unjust,@ Ashocks the
conscience,@ or Aclearly demonstrates bias.@  Prible v.
State, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005).  We must employ
appropriate deference so that we do not substitute our judgment for that of the
fact finder.  Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App.
1996).  Thus, we do not engage in a second evaluation of the weight and
credibility of the evidence, but only ensure that the trier of fact reached a
rational decision.  Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App.
1993).








There are two ways in which the evidence may be
insufficient.  Harris v. State, 164 S.W.3d 775, 784 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref'd).  First, when considered by itself, evidence
supporting the verdict may be too weak to support the finding of guilt beyond a
reasonable doubt.  Id.  Second, there may be evidence both supporting,
and contrary to, the verdict.  Id.  Weighing all the evidence under this
balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met such that  the
guilty verdict cannot stand.  Id.  If there is evidence that establishes
guilt beyond a reasonable doubt which the trier of fact believes, the judgment
cannot be reversed on sufficiency of the evidence grounds.  Wicker v. State,
667 S.W.2d 137, 143 (Tex. Crim. App. 1984).  Our analysis considers the
evidence cited by appellant as most important in allegedly undermining the
verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

B.
Application to Facts

First, appellant argues that the verdict is undermined by
the absence of additional possible Aaffirmative links@ showing that
appellant knowingly possessed the cocaine.  Specifically, he argues that he was
not arrested in an area known for drug activity.  He further stresses that he
was not found with any of the following:  a beeper or cell phone, a large amount
of cash, or any contraband or drug paraphernalia on his person.  Additionally,
appellant points out that the officers did not detect an odor on appellant=s person or
clothing indicative of drug use.  He claims he did not attempt to flee and that
he did not make any Afurtive moves@ when he was
stopped by Trooper Chacon.  Appellant also asserts that he did not make any
incriminating statements regarding the cocaine.  Finally, appellant alleges
that the cocaine was not packaged in a manner indicating an intent to sell.  








           The trier of fact is the sole
judge of the credibility of the witnesses and is free to believe or disbelieve
all, part, or none of any witness' testimony.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986).  A decision is not manifestly unjust
merely because the trier of fact resolved conflicting views of the evidence in
favor of the State.  Cain, 958 S.W.2d at 410.  The jury presumably
weighed the evidence, credibility assessments, and alternative explanations and
concluded that the appellant knowingly possessed the cocaine.  Evans,
202 S.W.3d at 164.  Juries trump both trial and appellate judges on
weight-of-evidence determinations.  Id.  

The fact that appellant does not fit every one of the Aaffirmative links@ factors does not
render his conviction devoid of factually sufficient evidence.  As previously
discussed, Officer Chacon testified he believed appellant was under the
influence of narcotics.  He also testified that he was unable to detect an odor
on the appellant due to the rain.  However,  he observed appellant engage in
conduct indicating a consciousness of guilt, such as his Avery nervous@ behavior and
lying about the presence of a weapon and alcohol in the vehicle.  Thus, it is
reasonable the jury determined appellant also lied to the officers about the
presence of narcotics in the vehicle.  We presume the jury believed the
testimony of Officer Chacon and disbelieved all or part of the defense
witnesses= testimony.  Therefore, we find the evidence factually
sufficient to prove appellant knowingly possessed the cocaine.

Second, appellant contends the evidence is factually
insufficient to prove that he possessed the cocaine with an intent to deliver. 
Appellant argues that he was found in possession of a relatively small amount
of cocaine.  He suggests that 17.44 grams of cocaine is not enough to eliminate
the possibility that it was for his personal use.  Appellant also asks that we
discount, as non-probative, Lieutenant Glendening=s expert testimony
that the amount of cocaine found in appellant=s possession
indicates an intent to deliver.  He attempts to discredit Lieutenant Glendening=s testimony by
comparing it to expert testimony offered by another officer in Branch v.
State, 833 S.W.2d 242, 244B45 (Tex. App.CDallas 1992, pet.
ref=d).  In that case,
the defendant was found in possession of seventeen small bags, each containing
narcotics.  The officer testified that the separation of the cocaine into
smaller bags was one factor indicating an intent to deliver.  Id. at
245.  He stated that a person addicted to cocaine would be more likely to buy
one large amount of cocaine rather than several small packets in order to get a
better price.  Id. 








Relying on Branch, appellant argues that the jury
should not have reached the conclusion that he possessed the cocaine with
intent to deliver because all of the cocaine was contained in one bag rather
than divided into several smaller bags.  During his closing argument, appellant=s attorney
presented this contention to the jury, affording them the opportunity to
consider it.  We presume the jury weighed the testimony in support of finding
appellant possessed the cocaine with intent to deliver against any evidence
contrary to that finding when it reached its determination.  We may not intrude
upon the jury=s role as the sole judge of the weight and credibility
of the witnesses.  Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim.
App. 1997).  Moreover, the jury=s finding in this regard is not clearly
wrong and unjust; neither does it shock the conscience of this court.  Thus, we
find the evidence factually sufficient to support the conviction of possession
with intent to deliver.  Accordingly, appellant=s second and third
issues are overruled.

CONCLUSION

We find that the evidence is legally and factually
sufficient to support the conviction for possession of cocaine with intent to
deliver.  The judgment of the trial court is affirmed.

 

 

 

/s/      J. Harvey Hudson

Senior Justice

 

 

 

 

Judgment rendered
and Majority and Concurring Opinions filed November 25, 2008.

Panel consists of
Justices Anderson and Frost, and Senior Justice Hudson.* (Anderson, J.,
Concurring.)

Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  Tex. Health
& Safety Code Ann. ' 481.112
(Vernon 2003 & Supp. 2008).





*  Senior Justice J. Harvey Hudson sitting by
assignment.